UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENARD THOMAS                                                CIVIL ACTION

VERSUS                                                       NO. 07-1336

WSFM, L.L.C., f/k/a JAMES LEE                                SECTION "I" (2)
WITT ASSOCIATES, L.L.C.  ET AL.

### ORDER ON MOTION

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion.  No memorandum in opposition to Recovery Management, Inc.'s Motion to Quash Deposition Notice and Subpoena/Alternative Motion for Protective Order and Request for Attorney's Fees, Record Doc. No. 54, set for hearing on March 26, 2008 at 11:00 a.m. without oral argument, has been timely submitted.  Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit,

**IT IS ORDERED** that the motion is GRANTED.  Plaintiff's attempt to depose a corporate representative of defendant Recovery Management, Inc. and to obtain documents from defendant is defective in several ways.  First, the deposition notice that

was purportedly served on Friday, March 7, 2008 for a deposition on March 14, 2008, only five business days later, failed to give reasonable notice. Fed. R. Civ. P. 30(b)(1).

Second, the deposition notice was not filed in the record, Fed. R. Civ. P. 5(d)(1), and therefore was not served electronically on all parties by the Clerk of Court, contrary to the statement in plaintiff's certificate of service that it was. Record Doc. No. 54-2, Defendant's Exh. A, Notice of Deposition, certificate of service at p.2.[1]

Third, the notice improperly required an Arkansas corporation to appear at the offices of plaintiff's counsel in Covington, Louisiana, when it has not consented to do so. The "'deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business . . . especially when, as in this case, the corporation is the defendant.'" Reich Album & Plunkett, L.L.C. v. Wheat, Opperman & Meeks, P.C., No. 06-10850, 2007 WL 1655677, at *4 (E.D. La. June 4, 2007) (Roby, M.J.) (quoting Salter v. Upjohn, 593 F.2d 649, 651 (5th Cir. 1979)); accord Tailift USA, Inc. v. Tailift Co., No. 03-CV-0196-M, 2004 WL 722244, at *1 (N.D. Tex. Mar. 26, 2004) (citing Salter, 593 F.2d at 651).

Finally, the proper procedure for obtaining documents from a party in conjunction with a deposition is to serve a request pursuant to Fed. R. Civ. P. 34, which requires that

---

[1] Recovery Management states in its memorandum that the deposition notice was e-mailed to its counsel, apparently by plaintiff's counsel, late on Friday, March 7th, but that she did not receive it until Monday, March 10th, only four business days in advance of the deposition date.

the party have 30 days to respond. Fed. R. Civ. P. 30(b)(2).  Plaintiff may not circumvent that requirement by serving defendant with a subpoena duces tecum that provides only five business days of notice.

          New Orleans, Louisiana, this __26th__ day of March, 2008.

                          JOSEPH C. WILKINSON, JR.
                          UNITED STATES MAGISTRATE JUDGE